UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SCOTT MICHAEL MARTIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:23-CV-391-HAB |
| ) | |
| YES AUTOMOTIVE and BRIAN ) | |
| BROTHERS ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff, Scott Michael Martin, proceeding pro se, filed a Civil Complaint (ECF No. 1) against Defendants, Yes Automotive and Brian Brothers, alleging that Defendants wrongfully repossessed his vehicle. Plaintiff was ordered to either (1) pay the $402.00 filing fee associated with his Complaint or (2) file a motion to proceed in forma pauperis. (ECF 2). He was cautioned that if he did not do so, the case was subject to dismissal. (*Id.*). The case was dismissed, and the clerk entered judgment on October 27, 2023. (ECF Nos. 3, 4). Plaintiff filed an Amended Complaint on November 30, 2023, requesting that his case be reopened but without paying the filing fee or filing a motion to proceed in forma pauperis. (ECF No. 5). Even giving Plaintiff the benefit of the doubt, this Court is without jurisdiction to hear his controversy. His case will not be reopened.

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the

litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). The inquiry does not end there, however. District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff posits in his Complaint that Defendants sold him a 2014 Ford Truck in October 2021. (ECF No. 5 at 2). Thereafter, he switched jobs and Defendants requested a pay stub. (*Id.*) Plaintiff maintains that he could not provide a pay stub because he was "deathly sick" with COVID-19. (*Id.*). Although Plaintiff claims he had not missed a payment and was not behind on payments, Defendants repossessed the Ford Truck in December 2021. (*Id.*) Plaintiff believes that the alleged unlawful repossession caused him to lose his job and house, as well as depriving him of a ball hitch attachment that he personally placed on the tuck. (*Id.* at 2-3).

To proceed in federal court, Plaintiff has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not met this burden from the face of the Complaint.

Plaintiff's Complaint does not state a claim under federal civil rights laws, nor any other federal law. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or

she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The "state actor" predicate to § 1983 liability must be satisfied for this claim to proceed against each defendant. Plaintiff has sued a private citizen, not a state actor, which means he has no relief under §1983.

A fair and liberal reading of the Complaint's allegation reveals that Plaintiff only has state law claims against Defendants. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331. So, for this Court to have jurisdiction over Plaintiff's state-law claims in the absence of any viable federal-law claims, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Said slightly differently, a plaintiff must establish that each defendant is a citizen of a state different from the plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000. Plaintiff's Complaint provides that he and Defendants are all citizens of Indiana. Plaintiff cannot establish diversity of citizenship because all parties are citizens of the same state. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's dispute.

For these reasons, the Court DENIES Plaintiff's motion to reopen his case pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.

SO ORDERED on December 6, 2023.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT